**Mark LOPEZ; Consuelo Lopez, personal representative of the Estate of Mark Lopez, Plaintiffs—Appellants,**

v.

**JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, Defendant—Appellee.**

No. 03–57099.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Sept. 23, 2005.

Robert K. Scott, Esq., Law Offices of Robert K. Scott, Irvine, CA, for Plaintiff–Appellant.

Lesley C. Green, Esq., Bannan, Green, Frank & Terzian, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: THOMPSON, TASHIMA, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Mark Lopez filed suit, alleging claims for breach of contract, bad faith, and punitive damages. He appeals the district court's grant of summary judgment to Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") on the bad faith and punitive damages claims. The facts are known to the parties and are not recounted here.

To defeat Jefferson Pilot's motion for summary judgment, Lopez must "produce enough evidence to create a genuine issue of material fact" on each of the essential elements of his case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir.2000). Under California law, a "breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Congleton v. Nat'l Union Fire Ins. Co.*, 189 Cal.App.3d 51, 234 Cal. Rptr. 218, 222 (Ct.App.1987). Bad faith implies unfair dealing rather than mistaken judgment. *Id.; see also Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001) (construing California law and noting that "the key to a bad faith claim is whether or not the insurer's [actions were] reasonable").

This standard has not been met here. Jefferson Pilot reasonably evaluated the validity of Lopez's disability claim. Once Jefferson Pilot was satisfied that Lopez's claim was valid under his policy, it paid all benefits then due in full, including interest. Accordingly, the district court did not err in granting Jefferson Pilot's motion for summary judgment on the bad faith claim.

To be eligible for punitive damages under California law, Lopez must "prove[ ] by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV.CODE § 3294 (West 2005). This standard of proof is more demanding than that required for a claim of bad faith. Lopez's failure to present a case for bad faith capable of surviving Jefferson Pilot's summary judgment motion therefore precludes him from maintaining a claim for punitive damages.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.